**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 00-cr-30085-SMY** |
| | ) | |
| | ) | |
| **LARRY D. GREER** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

**YANDLE, Chief District Judge:**

Defendant Larry D. Greer was sentenced on October 24, 2000, to 90 months' imprisonment and 3 years of supervised release for being a felon in possession of a firearm (Doc. 26).  Now pending before the Court is Greer's Motion for a Reduction of Sentence/Correction of Point and Offense Level Computation (Doc. 38), Motion for Resentencing (Doc. 35), and Motion for Appoint of Counsel (Doc. 37).  Greer asserts that his time spent in county jail and state prison were not properly calculated towards his federal sentence.

The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the Bureau of Prisons ("BOP").  *United States v. Wilson*, 503 U.S. 329, 334-336 (1992). A prisoner who believes the BOP has erred in its calculation of his federal sentence can challenge the execution of his sentence by bringing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *See United States v. Scott,* 775 F. App'x 252, 253 (7th Cir. 2019); *see also Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

Here, Greer has long completed his sentence and the relief he seeks is unavailable.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (Section 2241 shall not extend to a prisoner unless he is in custody

1

at the time of filing of the petition).  Greer does not cite a statute or rule which would support his request for resentencing.   Accordingly, the motions are **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 20, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**